IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00158-GPG-CYC

UNITED STATES OF AMERICA,

 Plaintiff,

v.

DANIEL MATTISON,

 Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge**.

 This matter is before the Court on the United States' Motion to Compel Daniel Mattison to Respond to Post Judgment Discovery, to Appear for a Deposition, and to Pay Monetary Sanctions (the "Daniel Mattison Motion"), ECF No. 29, and the United States' Motion to Compel Hieu Mattison and DCM Financial to Respond to Document Subpoenas and to Order Hieu Mattison to Appear for a Deposition and to Pay Monetary Sanctions (the "Hieu Mattison and DCM Motion"), ECF No. 30. For the reasons that follow, the Daniel Mattison Motion is granted and the Hieu Mattison and DCM Motion is granted in part and denied without prejudice in part.

## DISCUSSION

 This case was brought against Daniel Mattison pursuant to 26 U.S.C. §§ 7402(a) and 7407. ECF No. 1 ¶ 1. On June 21, 2024, the Court entered a permanent injunction against Daniel Mattison pursuant to Fed. R. Civ. P. 5(b)(2), "prohibiting Defendant Daniel Mattison, any entity through which he conducts business, and anyone acting in concert or participation with him from

directly or indirectly . . . [a]cting as a federal tax return preparer, or preparing, directing the preparation of, or assisting in the preparation of federal tax returns, amended tax returns, or other related documents and forms for any other person or entity other than himself or his lawful spouse." ECF No. 24 at 2. The injunction also required Daniel Mattison to take certain actions within thirty days of the entry of the injunction. *Id*. at 3–4. This included turning certain information over to the plaintiff and posting a copy of the Court's Order entering Permanent Injunction at his place of business. *Id*. at 4. The Court also authorized the plaintiff to "monitor Defendant Daniel Mattison's compliance with the Court's injunction, including by engaging in post-judgment discovery in accordance with the Federal Rules of Civil Procedure." *Id*. The same day it entered the permanent injunction, the Court entered default judgment against Daniel Mattison. ECF No. 25.

Since entry of the Order Entering Permanent Injunction, the plaintiff has served discovery requests on Daniel Mattison; DCM Financial, Inc. ("DCM")[1]; and Daniel Mattison's business partner, Hieu Mattison. ECF No. 29 at 1–4; ECF No. 30 at 1–4. Daniel Mattison and Hieu Mattison both failed to attend their noticed depositions. ECF No. 29 at 3; ECF No. 30 at 3. In addition, Daniel Mattison, DCM, and Hieu Mattison did not respond to the written discovery requests. ECF No. 29 at 3; ECF No. 30 at 3.

The plaintiff now asks the Court to compel Daniel Mattison, DCM, and Hieu Mattison to respond to written discovery requests and attend the two noticed depositions, to deem requests for admissions directed to Daniel Mattison admitted, and to order sanctions in the amount of the

---

[1] On March 27, 2024, Daniel Mattison dissolved DCM. ECF No. 30-4. Hieu Mattison reconstituted DCM on May 9, 2024. ECF No. 30-5. As of May 27, 2025, the Colorado Secretary of State's website identifies Hieu Mattison as the registered agent for DCM. *Colorado Sec. of State Business Database Search*, https://www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do (search for ID number: 20171422336) (last visited May 27, 2025).

2

reasonable costs the plaintiff incurred related to the unattended depositions. ECF No. 29 at 1, ECF No. 30 at 1.

While this is a somewhat rare circumstance, it is not unique. Tenth Circuit authority suggests that compelling post-default judgment discovery and ordering related sanctions for failure to respond to such discovery requests is proper and a sister court has so held. *Porter Bridge Loan, Co., Inc. v. Northrop*, 566 F. App'x 753, 757–58 (10th Cir. 2014) (unpublished); *Mohon v. Spiller*, No. 22-cv-00108-DHU-LF, 2024 WL 4635198, at *1 (D.N.M. Oct. 31, 2024).

The plaintiff seeks discovery from a defaulting party[2], Daniel Mattison, and third parties, Hieu Mattison and DCM. As indicated in the Court's Order Entering Permanent Injunction, discovery was authorized by the Court. ECF No. 24 at 4–5; *see* Fed. R. Civ. P. 26(d)(1) (discovery can occur "when authorized . . . by court order"). Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

On September 9, 2024, the plaintiff sent Daniel Mattison requests for admission, ECF No. 29-3; requests for the production of documents, ECF No. 29-4; and interrogatories, ECF No. 29-5, as well as a notice of deposition, ECF No. 29-6. The document requests, interrogatories, and requests for admissions are relevant and tailored to the issues in this case. On September 21, 2024, the plaintiff served Hieu Mattison a subpoena to produce documents and a subpoena to testify at a deposition and a subpoena for the production of documents directed at DCM. ECF Nos. 30-6, 30-7, 30-8 & 30-9. The DCM subpoena and the subpoena directed to Hieu Mattison for the production of documents both seek documents relevant to this case. ECF Nos. 30-6 & 30-

---

[2] The Court treats the defaulting defendant as a party for purposes of the discovery rules. *Mohon*, 2024 WL 4635198, at *1.

7. Further, given that Hieu Mattison is the registered agent for DCM, he is likely to have relevant information that could be elicited at a deposition. The Court therefore finds that the discovery requests and subpoenas at issue in the motions seek relevant information.

Before filing a motion to compel, a movant must "in good faith confer[ ] or attempt to confer[ ] with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); D.C.COLO.LCivR 7.1(a). The plaintiff offers evidence of multiple attempts to confer with Daniel Mattison regarding his failure to respond to the discovery requests. ECF Nos. 29-7 (October 7, 2024 letter), 29-8 (October 22, 2024 letter), 29-9 (November 22, 2024 letter). The plaintiff also offers evidence of multiple attempts to confer with third parties DCM and Hieu Mattison. ECF Nos. 30-10 (October 7, 2024 letter to Hieu Mattison), 30-10 (October 22, 2024 letter to Hieu Mattison), 30-12 (November 22, 2204 letter to Hieu Mattison). The plaintiff has satisfied the conferral requirement.

**Daniel Mattison Motion**

Federal Rule of Civil Procedure 37 allows a party to seek an order compelling disclosure or discovery when a party fails to answer an interrogatory or fails to produce documents in response to requests promulgated under Rule 34. Fed. R. Civ. P. 37(a)(1) & (a)(3). The discovery requests were served on Daniel Mattison on September 9, 2024, ECF No. 29-3 — some eight months ago — and he has not responded. Rule 33 provides, in pertinent part, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories," Fed. R. Civ. P. 33(b)(2), and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). In addition, although not specifically stated in Fed. R. Civ. P. 34, "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to

4

constitute a waiver of any objection." *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (finding that objections asserted 71 days after service of discovery requests were waived where no good cause for the delay was articulated). Accordingly, Daniel Mattison has failed to respond or object to the interrogatories and document requests within the established deadlines. As a result, Daniel Mattison has waived any objection to the interrogatories and requests for the production of documents and it is appropriate to compel responses to them pursuant to Rule 37.

Pursuant to Fed. R. Civ. P. 36(a)(1), "[a] party may serve on any other party a written request to admit" the truth of certain matters. If the receiving party fails to respond to the request within 30 days, or within such other time as the parties agree or the court may allow, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Here, more than 30 days have elapsed and Daniel Mattison has not responded to the requests. ECF No. 29-3 at 8 (date of service was September 9, 2024). As a result, the requests are deemed admitted. *See Carter v. Sonic Corp.*, No. 19-cv-01969-REB-SKC, 2002 WL 3971639, at *2 (D. Colo. July 14, 2020).

Finally, Daniel Mattison failed to attend his noticed deposition. Rule 37(d) allows the imposition of sanctions based on a party's failure to appear at a properly noticed deposition. The rule authorizes the Court to impose the sanctions identified in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). In addition, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The defendant's deposition was noticed, he was reminded of it several times, and there is no excuse offered for his failure to attend. Accordingly, the Court will order Daniel Mattison to sit for a deposition in this case. In addition, pursuant to Fed. R. Civ. P. 37(d)(3), the Court will order

Daniel Mattison to pay the reasonable expenses incurred by the plaintiff due to Daniel Mattison's failure to appear at the November 7, 2024 deposition. The reasonable expenses incurred due to Daniel Mattison's failure to appear total $1,067.16. ECF Nos. 29-8, 29-10, 29-11, 29-12, 29 at 8 (noting that the plaintiff is seeking half of the total expenses against Daniel Mattison and half against Hieu Mattison). *See Thomas v. Shields*, No. 2:24-mc-00181-RJS-JCB, 2024 WL 4267327, at *6 (D. Utah Sept. 23, 2024) (awarding court reporter fee as reasonable cost associated with unattended deposition); *Kuberski v. Allied Recreation Grp., Inc.*, No. 15-cv-00320-RL-SLC, 2017 WL 3327648, at *5 (N.D. Ind. Aug. 3, 2017) (awarding attorney's fees and travel expenses under Fed. Rule Civ. P. 37(d)(3)); *Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 35 (D.D.C. 2015) (awarding the costs for a court reporter and translator for an unattended deposition); *Betancourt v. Gen. Servs. of Va., Inc.*, No. 8:14-cv-01219-T-17MAP, 2015 WL 13792038, at *2 (M.D. Fla. June 22, 2015) (awarding attorney fees for time spent at unattended deposition and court reporter and translator fees); *Livingston v. Buchanan*, No. 07-3229-EFM, 2010 WL 2867916, at *2 (D. Kan. July 19, 2010) (finding that court reporter fees were directly caused by failure to appear at deposition).

**Hieu Mattison and DCM Motion**

Federal Rule of Civil Procedure 45 permits a party to command a nonparty to produce documents within that nonparty's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(D). "A subpoena served on a third party pursuant to Rule 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure and thus must comply with the same standards that govern discovery between the parties: to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses, and is proportional to the needs of the case." *Cannoid, LLC v. Entourage Nutritional Distribs., LLC*, No. 16-cv-02848-RM-NYW, 2017 WL 11547023,

6

at *2 (D. Colo. Aug. 22, 2017). The subpoenas directed at DCM and Hieu Mattison meet these requirements. ECF Nos. 30-6 & 30-7.

A written objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If an objection is made, a party seeking production pursuant to a subpoena may file a motion in the district "where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). No such objection has been made. Instead, DCM and Hieu Mattison have simply failed to respond. As a result, the plaintiff asks the Court to compel DCM and Hieu Mattison to respond to the subpoenas requesting the production of documents and to compel Hieu Mattison to appear for a deposition in this case.

Rule 45(g) allows the Court to hold a person in contempt for failure to obey a Rule 45 subpoena or an order relating to such a subpoena. However, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . ." Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment. Thus, "[t]he district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance." 9A Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 2465 (3d ed.); *Kumar v. Nationwide Mut. Ins. Co.*, No. 2:23-cv-02312 DAD AC, 2024 WL 216553, *4 (E.D. Cal. 2024) ("The clear intent of the Rule is that, where a third-party has not complied with a deposition subpoena, an order for compliance is the proper first step and sanctions are a potential second step."). The Court will, therefore, compel DCM and Hieu Mattison to comply with the subpoenas. *See Wang v. All. for Sustainable Energy, LLC*, No. 20-cv-03780-NYW, 2022 WL 1500779, at *7 (D. Colo. May 12, 2022) (granting motion to compel in part). However, to the extent the plaintiff also asks the Court to hold Hieu

7

Mattison in contempt and impose monetary sanctions pursuant to Fed. R. Civ. P. 45(g), the requests are premature. *See id*. As a result, the Court will deny those portions of ECF No. 30 without prejudice. If Hieu Mattison and/or DCM do not obey the subpoenas after being served with this Order, the plaintiff may renew its request for a finding of contempt and/or sanctions.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Compel Daniel Mattison to Respond to Post Judgment Discovery, to Appear for a Deposition, and to Pay Monetary Sanctions, ECF No. 29, is **GRANTED** and the United States' Motion to Compel Hieu Mattison and DCM Financial to Respond to Document Subpoenas and to Order Hieu Mattison to Appear for a Deposition and to Pay Monetary Sanctions, ECF No. 30, is **GRANTED in part and DENIED without prejudice in part**.

It is further ORDERED that:

All objections to the interrogatories and requests for the production of documents directed to Daniel Mattison are waived;

Defendant Daniel Mattison shall provide full and complete responses to the interrogatories and the requests for the production of documents in a manner that complies with the formalities of the Federal Rules of Civil Procedure and produce all responsive documents and all documents relied on pursuant to Rule 33(d) **on or before June 27, 2025**;

If Daniel Mattison fails to comply with the June 27, 2025 deadline, the plaintiff shall file a motion requesting a hearing and/or issuance of an Order to Show Cause;

If Daniel Mattison complies with the June 27, 2025 deadline, the plaintiff may send a new notice of deposition to Daniel Mattison after attempting to confer with him regarding a potential date;

The plaintiff is awarded its reasonable expenses incurred relating to Daniel Mattison's failure to attend his properly noticed deposition. Accordingly, **defendant Daniel Mattison is directed to pay the plaintiff $1,067.16 on or before June 27, 2025**;

DCM Financial, Inc. shall respond to the Rule 45 subpoena for the production of documents directed to it in a manner that complies with the formalities of the Federal Rules of Civil Procedure **on or before June 27, 2025**;

Hieu Mattison shall respond to the Rule 45 subpoena for the production of documents and the subpoena to testify at a deposition directed to him in a manner that complies with the formalities of the Federal Rules of Civil Procedure **on or before June 27, 2025**; and

The Clerk of the Court shall mail this Order to:

Daniel Mattison
3550 S. Harlan Street, Unit 3-130
Denver, CO 80235

Daniel Mattison
8790 W. Colfax Avenue, Suite 240
Lakewood, CO 80215

Daniel Mattison
3393 East 114th Drive
Thornton, CO 80233

DCM Financial, Inc.
8790 W. Colfax Avenue, Suite 240
Lakewood, CO 80215

DCM Financial, Inc.
3393 East 1141th Drive
Thornton, CO 80233

DCM Financial, Inc.
3393 East 114th Drive
Thornton, CO 80233

Hieu Mattison
8790 W. Colfax Avenue, Suite 240
Lakewood, CO 80215

Hieu Mattison
3393 East 114th Drive
Thornton, CO 80233

**Daniel Mattison, DCM Financial, Inc., and Hieu Mattison are WARNED that noncompliance with the Court's orders — including this Order — or the injunction can result in a finding of civil contempt and sanctions, including the imposition of fines, coercive imprisonment, and any other sanctions the court thinks are necessary to compel obedience or compensate the plaintiff.**

Entered this 27th day of May, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge